Carr, J.
I think the court ought to have given both the instructions. It was contended, in the argument, that the bond being under seal, no parol evidence could be given at law to vary the contract expressed on its face; and, therefore, that the proof of the verbal understanding with respect to the 48 dollars, could not be received. This proposition, if sound, might be turned against the defendant; for, on the face of the bond, there is no proof of usury, nor any fact from which it could be deduced; and the plea of the defendent could not be supported. But the proposition, though generally true, is certainly not applicable to a case like this. The statute declaring a bond given for usury utterly void, of course, enables the defendant to plead the usury; and this, of necessity, puts in issue the contract which was the consideration of the bond, and so far sets aside the sanctity of the seal, as to enable the defendant to support his plea, by any proof establishing the real contract; and this proof the plaintiff may rebut by evidence of the same kind.
With respect to the first instruction, it is clearly laid clown, in many cases, that where the excess may be paid or not, under the contract, at the option of the bor *520 rower, it is not usurious. Thus, in Burton's case 5 Co. 69. a rent of .£ 20. was granted in consideration of .£ 100. lent; the first payment of the rent was to be made a year and a quarter after making the grant; and there was a condition, that the rent should cease, if the grantor of the rent should return the £ 100. in twelve months. This was held not to be within the statute, because it was in the election of the grantor to repay the ¿£100. and thus frustrate the rent. “ But it was resolved by the whole court, that if it had been agreed between the grantor and grantee, that, notwithstanding such power of redemption, the £ 100. should not be paid at the day, and that the clause of redemption was inserted to make an evasion out of the statute, then it had been an usurious bargain and contract within the statute.” Here, the very point, which took the case out of the statute, was the power given by the contract to the borrower, to get clear of the excess at his election. So, in Clayton's, case, 5 Co. 70. it is said, “ If upon the first contract, he who lends, reserves no certain sum for the loan, but secundario speret de aliqua retributione ad voluntatem ejus qui mutuatus est, hoc non est vitiosum. So, in Roberts v. Tremayne, Cro. Jac. 507. Mr. justice Doddridge took this distinction—“ If I secure both interest and principal, if it be at the will of the party who is to pay it, it is no usury; as if I lend to one ¿£ 100. for two years, to pay for the loan thereof £ 30. and if he pay the principal at the year’s end, he shall pay nothing for interest, this is not usury: for the party hath his election, and may pay it at the first year’s end, and so discharge himself.” Any-one who wishes to see more english cases of this kind, may find them, in any of the. abridgements, under the head of usury. In Winslow v. Dawson, 1 Wash. 118. this court laid it down, generally, that a contract to pay a larger sum at a future day, on non-payment of the sum agreed upon, is not usurious; for the court will consider it, either as *521 a penalty to be relieved against, or that the party, by payment at the earlier day, might relieve himself. The case of Pollard v. Baylor, 6 Munf. 433. was thus: Baylor being indebted to Donald & Burton, british merchants, conveyed land and slaves, to secure the debt in three annual instalments, with interest &c. the payments to be made in tobacco, to be delivered at and addressed to them in London, on which they were to draw the usual and accustomed mercantile commission of twenty-one shillings sterling for each hogshead actually shipped; and it was farther provided, that in case of non-shipment of the tobacco, a further sum equivalent to, and in lieu of, the usual mercantile commission thereon, at the rate of twenty-one shillings sterling per hogshead, estimating each hogshead to be worth £10. sterling, was to be added to each payment. The case was two or three times before the court, upon the question whether this contract was usurious, and was, therefore, thoroughly considered. It was twice decided, by a court of three judges, to be usurious; judge Roans strongly dissenting. On a third hearing, before a special court of seven judges, the unanimous opinion of the court, delivered by judge Roane, declared the contract not to be usurious. The court was of opinion, that the provision securing the twenty-one shillings on each hogshead, in case of non-shipment, was, in truth, only the agreed damages or penalty for a non-compliance with the contract. “ If the tobacco had been shipped,” (said Roane) “ as was contracted ibr, all would have been right, and the compensation now objected to, would have been earned by the sales of the tobacco. We are all of opinion, that a penalty inserted in a contract, from which a party may deliver himself, does not make the contract usurious; and that the law is the same, where it is in the power of the party, by a compliance with his contract, to convert it into a compensation for services rendered.” He concluded with this remark— *522 “ There is no ground to object, that the contract is usurious, but a posteriour one, arising from the default of the appellee, and of which, therefore, most emphatically, he could not complain.” The principle of this case seems to me to apply strongly to the point before us. The last • case I shall cite upon the first exception, is Stratton v. The Mutual Assurance Society, 6 Rand. 22. There, it was objected, that the law of the society subjecting delinquent members to seven end a half per cent, to pay expenses of collection, was usurious. The court was unanimously of opinion, that it was not. The judge who delivered the opinion, said—“ This does not seem to me to have a single feature of usury about it. The debtor may always relieve himself by paying up what is due, before the society have been obliged by his delinquency, to incur the expense and trouble of a legal proceeding. Neither is this a penalty against which equity would relieve. It is stipulated damages.” These cases shew, very clearly, I think, that the court ought to have given the first instruction asked for.
The second instruction is so connected with the first, that little is left to be said on it, The court ought clearly to have given it: for if the 48 dollars were inserted in the bond, in good faith, to cover a commission which the plaintiff might, by the failure of the defendant, be compelled to pay, and not as a device to evade the statute, most assuredly its insertion could not make the contract usurious. And this, the court ought to have declared to the jury, as the law of the case, submitting to them, as peculiarly proper for their inquiry, the question of fact, whether this feature of the contract was 'made in good faith, or to evade the law. I shall not cite authorities to shew, that (as a general rule, applying to usury as well as other subjects) the court ought, when applied to, to declare the law. That it is lawful to charge a reasonable commission, in these cases, for . trouble and expense, many cases shew: Carstairs v. *523 Stein, 4 Mau. & Selw. 192. is full to this point—as also to shew, that the fact, whether it be a bona fide charge, or an evasion, is exclusively for the jury.
I think the judgment should be reversed, and the case sent back for a new trial; on which the instruction's, if asked for, should be given by the court.
The other judges concurred. Judgment reversed, and cause sent back &c.